## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

United States of America,

v.

Case No. 2:18-cr-204(2)

Charles Carson,

Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

Defendant moves for relief, arguing the Bureau of Prisons has failed to award him jail time credit. Mot., ECF No. 807. Defendant's motion is **DENIED**.

First, to the extent Defendant asks the Court to correct his sentence to give him credit for time served, the Court lacks authority to do so. *See United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) ("[I]t is the Attorney General, not the court, who has the authority to calculate sentence credits for time served before sentencing." (citation omitted)). Notwithstanding Defendant's agreement with the Government as to how jail time credit would be computed, or anything the Court stated about jail time credit during sentencing proceedings, the Court lacks authority to *order* the BOP to grant certain jail time credit. *See, e.g., United States v. Nix*, No. 3:15-CR-36-TAV-DCP-1, 2022 WL 37340, at *1 (E.D. Tenn. Jan. 4, 2022). The most the Court can do is "make certain recommendations to the Bureau of Prisons[.]" *Id.* Thus, the Court lacks authority to "correct" Defendant's sentence.

Second, although a defendant may challenge in district court the BOP's credit computations, such challenges should be brought under 28 U.S.C. § 2241, and the § 2241 petition "must be filed in the judicial district where the prisoner is confined," not the district where he was sentenced. *United States v. Stanley*, No. 22-1500, 2022 WL 17881554, at *1 (6th Cir. Dec. 20, 2022) (citation omitted). Moreover, a defendant must exhaust all administrative remedies before filing a § 2241 petition. *Singh*, 2002 WL 31770391, at *1 ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit." (citation omitted)).

Defendant is incarcerated at FCI Greenville, which is in the Southern District of Illinois. Thus, if Defendant believes the BOP has improperly calculated his credits, the proper avenue is to exhaust all available administrative remedies and then file a petition under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Illinois.

Finally, to the extent it applies here, Defendant should be aware that 18 U.S.C. § 3585(b) states that an inmate will not be awarded credit for time that has already been credited toward another sentence.

For these reasons, Defendant's motion is **DENIED**. The Clerk shall terminate ECF No. 807.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**